UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KELSEY ANTOON** | * | CIVIL ACTION |
| *Plaintiff* | * | |
| | * | NO. |
| **VERSUS** | * | |
| | * | SECTION |
| | * | |
| **THRONE TO GO, L.L.C. d/b/a** | * | |
| **EVENT RESTROOMS** | * | MAGISTRATE |
| And | * | |
| **KEVIN PHILLIPS** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Kelsey Antoon, who for her Complaint for Damages, avers as follows:

### **I.  PARTIES**

1. Kelsey Antoon ("Plaintiff") is an individual of the full age of majority and a citizen of the State of Oregon.

2. Defendant Throne To Go, L.L.C. d/b/a Event Restrooms ("Throne To Go"), is a for-profit limited liability company organized under the laws of the State of Louisiana with its principal place of business in Gretna, Louisiana.

3. Defendant Kevin Phillips ("Phillips") is a person of the full age of majority and a resident citizen of the State of Louisiana.

### **II.  JURISDICTION AND VENUE**

4. Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. § 1332 as the parties are citizens of different States and the matter in controversy exceeds the sum of $75,000.00

exclusive of interest and costs.

5. Venue is conferred by 28 U.S.C. § 1391 (b)(1) because the defendants reside in this judicial district.

6. Venue is also conferred by 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### III.  FACTUAL ALLEGATIONS

7. On March 19, 2021, Plaintiff was traveling westbound on Interstate 10 West behind a truck and trailer owned by Defendant Throne To Go, which was transporting portable toilets.

8. The truck and trailer were driven by Defendant Kevin Phillips, an employee of Defendant Throne To Go, who, upon information and belief, was in the course and scope of his employment while transporting the portable toilets.

9. As Plaintiff was following behind Defendant's truck and trailer, a portable toilet became unsecured from the trailer and fell in front of Plaintiff, causing Plaintiff to suddenly slam on her breaks to avoid hitting the portable toilet.

10. As a resulting of the sudden stop, Plaintiff was rear ended by another vehicle, which caused significant damage to Plaintiff's vehicle and serious bodily injuries to Plaintiff, including but not limited, substantial facial lacerations and disfigurement, traumatic brain injury, neck and back injuries, and injuries to her upper and lower extremities.

11. On information and belief, Defendant Phillips and/or Defendant Throne To Go failed to properly secure the portable toilet before transporting the toilet.

### IV.  ACTS OF FAULT, WANT OF CARE, AND NEGLIGENCE

12. The acts of fault, want of care, and/or negligence on the part of Throne To Go's employee, Defendant Phillips, are as follows:

    A. Failing to properly secure the load;

    B. Failure to exercise reasonable care to notice and remedy a hazardous condition;

    C. Any other acts or omissions of constituting a breach of any duty owed to Plaintiff that may be revealed in subsequent discovery or proven at trial.

13. The acts of fault, want of care, and/or negligence on the part of Defendant Throne To Go, which were accomplished through its officers, employees, agents, or those acting on its behalf, were as follows:

    A. Failure to properly secure its load;

    B. Failure to train its employee, Kevin Phillips, and/or other employees in adequately securing its load;

    C. Failure to exercise reasonable care to notice and remedy the hazardous condition;

    D. Failure to exercise reasonable supervision in securing its load; and

    E. Any other acts or omissions of constituting a breach of any duty owed to Plaintiff that may be revealed in subsequent discovery or proven at trial.

## V. LIABILITY

14. For the reason of the acts of fault, want of care, and/or negligence on the part of its employee, Defendant Phillips, which were a direct and proximate cause of Plaintiff's injuries, Defendant Throne To Go is vicariously liable to Plaintiff in money damages exceeding the sum or value of $75,000.00 exclusive of interest and costs.

## VI. DAMAGES

15. As a direct result of Defendant's negligent acts and/or omissions, and/or the negligence of Defendant's agents, Plaintiff has suffered damages as follows:

    A. Past and future physical pain and suffering;

B. Past and future mental anguish and suffering;

C. Loss of enjoyment of life;

D. Permanent disfigurement and scarring;

E. Past and future medical expenses;

F. Past and future lost wages;

G. Impairment of wage-earning capacity; and

H. Other damages and losses to be proven at trial.

## V.  REQUEST FOR TRIAL BY JURY

16. Pursuant to Fed. R. Civ. P. 38(a), Plaintiff demands trial by jury on all issues of fact and law triable to a jury.

## VI.  PRAYER FOR RELIF

**WHEREFORE,** Plaintiff, Kelsey Antoon, prays that Defendant, Throne To Go, L.L.C. and Defendant Kevin Phillips, be served with Summons and a copy of this Complaint for Damages, that they serve their Answers thereto, that after due proceedings had and the expiration of all legal delays, there be a final judgement entered holding Defendant, Throne To Go, L.L.C. and Defendant Kevin Phillips, liable, unto Plaintiff, in money damages reasonable for the damages set forth herein, for interest from the date of judicial demand until paid, an award of all costs allowed by law, that there be a trial by jury, and that the Court grant such other and further relief as the interests of justice may require.

Respectfully submitted,

*/s/ Julien G. Lamothe*
FRANK E. LAMOTHE, III, T.A. (#07495)
KRISTI S. SCHUBERT (#34870)
JULIEN G. LAMOTHE (#38313)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
E-Mail: felamothe@lamothefirm.com
 kschubert@lamothefirm.com
 jlamothe@lamothefirm.com

*Attorneys for Plaintiff, Kelsey Antoon*