UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELSEY ANTOON | CIVIL DOCKET |
| VERSUS | NO. 21-2198 |
| THRONE TO GO, LLC d/b/a EVENT RESTROOMS and KEVIN PHILLIPS | SECTION: "J"(4) |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 14)** filed by Third Party Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") and an opposition (Rec. Doc. 15) filed by Third Party Plaintiffs, Throne To Go, LLC ("Throne To Go") and Kevin Phillips ("Phillips"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be denied.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an automobile accident that occurred on or about March 19, 2021 when Phillips, while in the course and scope of his employment with Throne To Go, allegedly failed to properly secure a portable toilet before transporting it. The toilet fell off the truck and into the roadway. This allegedly necessitated Plaintiff, Kelsey Antoon, to suddenly stop her vehicle which caused Freddie Willis to rear-end Ms. Antoon. Mr. Willis was insured by State Farm at the time of this incident. Ms. Antoon filed suit as a result of this incident against Throne To Go and Phillips,

1

alleging that she sustained injuries as a result.[1] In their Answer, Throne To Go and Phillips asserted a Third Party Demand against State Farm, Freddie Willis, and Clear Blue Insurance Company.[2] State Farm subsequently filed the instant motion to dismiss, claiming that Throne To Go and Phillips have not brought a viable claim against State Farm and Freddie Willis.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

---

[1] State Farm and Freddie Willis settled with Ms. Antoon prior to her filing this suit, and, as such, were not named in her Complaint.
[2] Clear Blue Insurance Company is the alleged insurer of the vehicle and trailer owned by Throne To Go that is the subject of this suit.

**DISCUSSION**

State Farm argues that Third Party Plaintiffs give no facts or details to show that they were damaged in any way by State Farm or Freddie Willis. (Rec. Doc. 14-1, at 4). In opposition, Third Party Plaintiffs contend that they have specifically stated a claim against State Farm and Freddie Willis as the "proximate cause" of the accident that is the subject matter of this litigation. (Rec. Doc. 15, at 1). Specifically, they assert that they have made allegations in paragraphs four (4) and six (6) that show they were in fact damaged by State Farm. (*Id.* at 3). In the alternative, Third Party Plaintiffs request leave to amend their Third-Party Demand. (*Id.*).

> Paragraph four of the Third-Party Demand alleges that:
>
> [t]he fault/negligence of the Third Party Defendant Freddie Willis was the proximate cause of the accident, and consists of, but is not limited to, the following:
>
> A. Failing to maintain proper control of his vehicle
>
> B. Striking another vehicle in the rear
>
> C. Failing to act as a reasonable and prudent driver would act
>
> D. Failing to maintain reasonable vigilance
>
> E. Failing to avail himself of the last clear chance to avoid an accident
>
> F. Failing to leave enough room to allow for emergency stops
>
> G. Any and all other acts of fault/negligence which may be proved at trial on the merits.

(Rec. Doc. 6, at 8). The Court finds that the above statements are conclusory allegations lacking a single fact about the actions or inactions of Freddie Willis on the date of the incident. Moreover, paragraph six simply alleges that "State Farm is

responsible and/or liable for the actions of Freddie Willis." (*Id.*). This, again, is a conclusory allegation lacking a single detail or fact. The Court is inclined to grant State Farm's motion, but, given Rule 15(a)'s "bias in favor of granting leave to amend," a court "must possess a 'substantial reason' to deny a request." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted). Therefore, the Court will permit Third Party Plaintiffs, Throne To Go and Phillips, to cure the deficiencies.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Third Party Defendant, State Farm Mutual Automobile Insurance Company's, *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 14)** is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Third Party Plaintiffs, Throne To Go and Kevin Phillips, are **GRANTED** leave to file an amended Third Party Demand to cure the above deficiencies.

New Orleans, Louisiana, this 1st day of August, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE